# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SEIU LOCAL NO. 4 PENSION FUND, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No. _____ |
| v. | )<br>) |
| ITEX CARE GROUP, INC., an Illinois Corporation; ITEX GLENVIEW REALTY, LLC, an Illinois Limited Liability Company; GLENVIEW TERRACE NURSING CENTER, LLP, an Illinois Limited Liability Partnership; GLENVIEW TERRACE PROPERTY, LLC, an Illinois Limited Liability Company; HOLLANDER GLENVIEW TERRACE, LLC, an Illinois Limited Liability Company, and HARMONY NURSING AND REHABILITATION CENTER, INC., an Illinois Corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Now come Plaintiffs, the Trustees of the SEIU Local No. 4 Pension Fund ("Pension Fund"), by their Attorneys, Asher, Gittler & D'Alba, Ltd., complaining against Defendants, ITEX Care Group, Inc. ("ITEX Corporation"), ITEX Glenview Realty, LLC ("ITEX Realty"), Glenview Terrace Nursing Center, LLP ("Glenview Nursing"), Glenview Terrace Property, LLC ("Glenview Property"), Hollander Glenview Terrace, LLC ("Hollander,"), and Harmony Nursing and Rehabilitation Center, Inc. ("Harmony"), and state as follows:

## JURISDICTION AND VENUE

1. This is an action for the collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action arises under Federal law, specifically, the Employee Retirement Income Security Act of 1974 as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001-1461 ("ERISA").

3. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 1451(c).

4. Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d).

## PARTIES

5. Plaintiffs are the Trustees of the SEIU Local No. 4 Pension Fund. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6. The Board of Trustees of the Pension Fund is the Plan Sponsor and the Plan Administrator of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10)(A). The Plan is administered from 2229 S. Halsted Street, Chicago, Illinois 60608.

7. The Trustees, as fiduciaries of the Pension Fund, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability owed to a pension plan.

8. ITEX Corporation is an Illinois Corporation with its principal place of business at 6633 N Lincoln Ave, Lincolnwood, IL, 60712. Its registered agent, Secretary, and Director is Jim Slesur, at the same address, and its President is Mark Hollander, whose address is also 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

9. ITEX Realty is an Illinois Limited Liability Corporation, with its principal place of business at 1505 Greenwood Ave, Glenview, IL 60025. Its registered agent is Stephen Sher, 5750

Old Orchard Rd., #420, Skokie, IL 60077, and one of its managers is Mark Hollander, whose address is 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

10. Glenview Nursing is an Illinois Limited Liability Partnership, with its principal place of business at 6633 N Lincoln Ave, Lincolnwood, IL, 60712. Its registered agent is Sheldon Hollander, whose address is 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

11. Glenview Property is an Illinois Limited Liability Company, with its principal place of business at 6633 N Lincoln Ave, Lincolnwood, IL, 60712. Its registered agent, and one of its managers, is Mark Hollander, whose address is 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

12. Hollander is an Illinois Limited Liability Company, with its principal place of business at 6633 N Lincoln Ave, Lincolnwood, IL, 60712. Its registered agent, and one of its managers, is Mark Hollander, whose address is 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

13. Harmony is an Illinois Limited Liability Company with an unknown principal place of business. Its president and registered agent is Mark Hollander, whose address is 6633 N Lincoln Ave, Lincolnwood, IL, 60712.

## FACTS COMMON TO ALL COUNTS

14. An entity known to the Pension Fund as "ITEX" manages the financial affairs of two nursing homes: Glenview Terrace Nursing Center, located at 1511 Greenwood, Glenview, IL, and Harmony Nursing and Rehabilitation Center, located at 3919 W Foster Ave, Chicago, IL (collectively, "the Nursing Homes").

15. Upon information and belief, and based on publicly available information from the Illinois Secretary of State, the entity known to the Pension Fund as "ITEX" is either Defendant ITEX Corporation, Defendant ITEX Realty, or both together, as entities under Common

Control/Joint Employers. For purposes of this Complaint, ITEX Corporation and ITEX Realty are hereafter jointly referred to as "ITEX."

16. Upon information and belief, and based on publicly available information from the Illinois Secretary of State, Defendants Glenview Nursing and Harmony are the business entities associated with the Nursing Homes.

17. ITEX processed payroll services and acted as a joint employer with Defendants Glenview Nursing and Harmony of the employees of the Nursing Homes.

18. ITEX, Glenview Nursing, and Harmony, as members of the Illinois Association of Healthcare Facilities (referred to as "the Committee"), were subject to collective bargaining agreements, executed between the Committee and the Service Employees International Union Healthcare Illinois/Indiana (the "Union"), under which they conducted business.

19. Pursuant to these collective bargaining agreements, ITEX was required to make contributions to the Pension Fund on behalf of its employees who worked for Glenview Nursing and Harmony.

20. As members of the Committee and signatory entities to the Collective Bargaining Agreements, ITEX, Glenview Nursing, and Harmony are therefore liable for unfilled obligations to the Pension Fund as enumerated therein.

21. The Pension Fund has determined that ITEX ceased to have an obligation to contribute to the Pension Fund during the Plan Year ending December 31, 2023.

22. Upon information and belief, ITEX ceased to operate its business for a principal purpose of evading or avoiding its liabilities under the collective bargaining agreement.

23. Pursuant to 29 U.S.C. § 1383, ITEX has effectuated a "complete withdrawal" from the Pension Plan and is responsible for its withdrawal liability.

**BASIS FOR JOINT AND SEVERAL LIABILITY AMONGST ALL DEFENDANTS**

24. Plaintiffs reallege and incorporate all previous paragraphs of this Complaint as though set forth fully herein.

25. Under ERISA, all trades or businesses under Common Control are considered a single employer for purposes of determining who is liable for withdrawal from a multi-employer plan. 29 USC § 1002(37)(B); 29 U.S.C. § 1301(b)(1).

26. Trades or business are considered under Common Control where the same five or fewer individuals own 80% or more of the businesses. 26 C.F.R. § 1.414(c)-2; *See Cent. States, Se. & Sw. Areas Pension Fund v. CLP Venture LLC*, 760 F.3d 745, 748, n.2 (7th Cir. 2014).

27. An entity is a "trade or business," if it is (1) engaged in activity that is for the primary purpose of income or profit; and (2) engages in that activity with continuity and regularity. *Comm'r v. Groetzinger*, 480 U.S. 23, 35 (1987).

28. The Seventh Circuit has consistently and recently held that a business who leases property to a withdrawing employer is "categorically" a trade or business for purposes of withdrawal liability under 29 U.S.C. § 1301(b). *Local 705 International Brotherhood of Teamsters Pension fund v. Pitello*, 3 F.4th 949, 952 (7th Cir 2021) (collecting cases).

29. Upon information and belief, Glenview Property owned the building where Glenview Nursing operated the Nursing Home that employed employees on whose behalf contributions to the Pension Fund were required to be made.

30. Based on publicly available information from the Illinois Secretary of State, Mark Hollander is one of less than five managers of each of the Defendants except for Glenview Nursing, but Glenview Nursing shares an address with Mark Hollander.

31. Because (1) ITEX is a joint employer with Glenview Nursing and Harmony; (2) Glenview Property appears to lease the building to Glenview Nursing; and (3) all of the Defendants have a connection to either Mark Hollander or his address, there is a strong likelihood that the Defendants are trades or businesses under common control and are therefore considered as one employer, and jointly and severally liable for withdrawal liability to the Fund.

**COUNT I - COLLECTION OF DELINQUENT WITHDRAWAL LIABILITY**

32. Plaintiffs reallege and incorporate all previous paragraphs of this Complaint as though set forth fully herein.

33. On May 8, 2024, after determining that ITEX permanently ceased all covered operations and ceased to have an obligation to contribute to the Plan during the Plan Year ending December 31, 2023, the Pension Fund sent a Notice and Demand for the payment of withdrawal liability pursuant to 29 U.S.C. § 1399 to ITEX at Mark Hollander's address, 6633 N Lincoln Ave, Lincolnwood, IL. The Notice and Demand was addressed to Sheldon Hollander (the Registered Agent of Glenview Nursing), Glenview Nursing, and Harmony, and included an explanation of the Pension Fund's calculations of Withdrawal Liability, an estimated payment schedule, and a Statement of Business Affairs for ITEX to fill out. A true and correct copy of that Notice and Demand, with its enclosures, is attached hereto as Exhibit 1.

34. Because Defendants are under common control, notice of the assessed withdrawal liability is imputed to all Defendants. *Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Cent. Transp., Inc.*, 888 F.2d 1161, 1163 (7th Cir. 1989).

35. On October 1, 2024, having received no response to the May 8, 2024 letter, the Pension Fund sent ITEX a Notice of Overdue Payments regarding withdrawal liability. The Notice informed ITEX that no payments had been received, reminded ITEX of the amount of liability and

schedule for payments, and notified ITEX that if payment was not received in sixty (60) days, ITEX would be in default as defined by 29 CFR § 4219.31. A true and correct copy of that Notice of Overdue Payments is attached hereto as Exhibit 2.

36. Pursuant to 29 U.S.C. § 1381(b), the Pension Fund calculated the amount of ITEX's withdrawal liability as $1,140,321.00, payable in either one lump sum or in twenty-six (26) quarterly payments of $51,205.00 with a final payment of $41,208.00. Exhibit 1.

37. The first payment was to be made within sixty days of the Notice and Demand, or by July 7, 2023. Exhibit 1.

38. Pursuant to 29 U.S.C. § 1399(c)(2), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or appeal.

39. To date, no payments have been received from ITEX, or from any other Defendant, by the Pension Fund.

40. As a result of the failure of ITEX to make the required payments, ITEX is in default, as that term is defined in 29 U.S.C. § 1399(c)(5) and 29 CFR § 4219.31.

41. Pursuant to 29 U.S.C. § 1399(c)(5), the Pension Fund requires, in the event of a default, immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability.

42. As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and all Defendants are now jointly and severally liable for the full amount of withdrawal liability assessed at $1,140,321.00, together with interest due calculated from the July 7, 2024 due date.

7

43. Pursuant to 29 U.S.C. § 1399(b)(2)(A), an employer has 90 days after receipt of the Notice and Demand to ask for a review of the calculation of withdrawal liability.

44. ITEX did not timely submit a request for review of the assessed withdrawal liability.

45. No other Defendant submitted a timely request for review of the assessed withdrawal liability.

46. Pursuant to 29 U.S.C. § 1401(b), if an employer does not dispute the calculation of withdrawal liability and request arbitration to resolve the dispute, the amounts demanded by the plan sponsor are due and owing on the schedule set forth by the plan sponsor.

WHEREFORE, as to COUNT I, Plaintiffs request the following relief:

A. Judgment for the Plaintiffs and against Defendants, ITEX Care Group, Inc. ("ITEX Corporation") ITEX Glenview Realty, LLC ("ITEX Realty"), Glenview Terrace Nursing Center, LLP ("Glenview Nursing"), Glenview Terrace Property, LLC ("Glenview Property"), Hollander Glenview Terrace, LLC ("Hollander,"), and Harmony Nursing and Rehabilitation Center, Inc. ("Harmony"), jointly and severally, for the full amount of the accelerated withdrawal liability assessed of $1,140,321.00 together with interest calculated from July 7, 2024;

B. Pursuant to 29 U.S.C. § 1451(e), an award of all costs and expenses incurred in connection with this action including reasonable attorneys' fees; and

C. Such further or different relief as the court deems just and proper to protect the assets of the Pension Fund.

## COUNT II – INTERIM PAYMENTS

47. Plaintiffs reallege and incorporate all previous paragraphs of this Complaint as though set forth fully herein.

48. In order to protect participants in a pension Fund, ERISA requires that an employer "shall" make interim payments while withdrawal liability is in dispute. 29 U.S.C. § 1401(d); *Robbins v. Pepsi-Cola Metro. Bottling Co.*, 636 F. Supp. 641, 681 (N.D. Ill. 1986).

49. Alternatively, an employer may post a bond in the amount of the withdrawal liability. 29 U.S.C. § 1401(f)(2)(B).

50. Defendants have waived their right to dispute the assessment of withdrawal liability by failing to request arbitration. 29 U.S.C. § 1401(b).

51. Nevertheless, to the extent this Court allows Defendant to put forth any arguments in dispute of its liability, and while this matter is pending, the statutory scheme of ERISA requires that the Defendants make payments to the Fund.

WHEREFORE, as to COUNT II, Plaintiffs request the following relief:

A. An order directing Defendants to make required interim payments, beginning immediately, pursuant to the payment schedule set forth by the Plan Sponsor and set forth in the May 8, 2024 notice to Defendant (See Exhibit 1), plus applicable interest, or, in the alternative, to post a bond in the amount of the Withdrawal Liability assessed ($1,140,321.00), plus applicable interest;

B. Pursuant to 29 U.S.C. § 1451(e), an award of all costs and expenses incurred in connection with this action including reasonable attorneys' fees; and

C. Such further or different relief as the court deems just and proper to protect the assets of the Pension Fund.

9

Dated: May 19, 2025.             Respectfully submitted,

                                           /s/ *Naomi Frisch*
Matthew J. Pierce ARDC #6326448
Naomi Frisch, IL ARDC #6328429
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
mjp@ulaw.com
naomi@ulaw.com